UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE FUND and TRUSTEES OF THE LABOR MANAGEMENT COOPERATION TRUST FUND,<br>Plaintiffs,<br><br>v.<br><br>EAGLE CORNICE CO., INC.,<br>Defendant. | C.A. No. |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 USC §185, by an employee benefit plan and labor management trust fund to enforce the obligations to make contributions to them as required under the terms of a collective bargaining agreement and ERISA.

### JURISDICTION

2. The Court has jurisdiction of this action pursuant to Sections 502(a), (d), (e) and (f) and 515 of ERISA, 29 U.S.C. §§1132(a), (d), (e) and (f) and §1145, and Section 301 of the LMRA, as amended, 29 USC §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3.     Plaintiff Trustees of the Sheet Metal Workers Local Union No. 17 Insurance Fund ("Insurance Fund") are the plan sponsor of the Insurance Fund, which is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund provides medical, dental and other benefits to its participants and is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

4.     The Insurance Fund is a multi-employer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

5.     Plaintiff Trustees of the Labor Management Cooperation Trust Fund ("Equality Fund") are the plan sponsor of the Equality Fund, which is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

6.     All of the above-referenced Plaintiff Trustees are referred to herein as "the Trustees" and the funds they sponsor and administer are collectively referred to herein as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Local Union No. 17 of the Sheet Metal Workers International Association ("Union" or "Local 17") and the Sheet Metal Contractors Association of Rhode Island ("Contractors Association").

7.     On information and belief, Defendant Eagle Cornice Co., Inc. (hereinafter "Eagle Cornice") is a Rhode Island corporation, and is an employer engaged in commerce within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §1002(5), (11) and (12), and 29 U.S.C. §152(2).  On information and belief, Eagle Cornice has its principal place of business at 89 Pettaconsett Avenue, Cranston, Rhode Island.  Its Registered Agent is listed as C T Corporation System at 155 Federal Street, Suite 700, Boston, Massachusetts.

## GENERAL ALLEGATIONS OF FACT

8. Eagle Cornice is a signatory to a collective bargaining agreement ("Agreement") between Local Union No. 17 of the Sheet Metal Workers International Association ("Union" or "Local 17") and the Sheet Metal Contractors Association of Rhode Island ("Contractors Association" or "Association"). A true, accurate and authentic copy of the Agreement is attached hereto as Exhibit A.

9. Upon information and belief, Eagle Cornice is a member of the Contractors Association, agreed to have the Contractors Association represent it in matters of collective bargaining, and is bound by the Agreement and all subsequent contracts entered into by the Contractors Association.

10. The Agreement provides that it becomes effective on July 1, 2017 and remains in force until May 31, 2020 and "shall continue in force from year to year thereafter unless written notice of reopening is given not less than ninety (90) days prior to the expiration date. In the event such notice of reopening is served, this Agreement shall continue in force and effect until conferences relating thereo have been terminated by either party." See Exhibit A, Art. XII, s. 1.

11. Upon information and belief, a successor Agreement has been negotiated and is in the signature stage and the relevant provisions remain the same.

12. The Agreement requires Association contractors to make contributions to the Funds for each hour worked by employees covered by the Agreement in covered employment on a monthly basis. Contributions to the Funds must be received by the close of business on or before the twentieth (20th) day of the month following the month in which the hours were worked. See Exhibit A, Art. VIII, s. 2; Addenda, No. 3.

13. The Agreement also requires bound contractors to furnish monthly reports regarding the hours worked by covered employees. See Exhibit A, Addenda, No. 3.

14. The Agreement requires delinquent contractors to pay all legal fees and other costs involved in collecting delinquent contributions. See Exhibit A, Art. VIII, s. 2.

15. On information and belief, Union members employed by Eagle Cornice and covered by the Agreement worked hours in July, August, September 2020 for which contributions are due and owing to the Funds but have not been paid and are delinquent.

16. The amount of delinquent contributions owed by Eagle Cornice is currently unliquidated because Eagle Cornice also has failed to submit the reports showing the hours worked and contribution amounts owed for those hours.

17. The Funds' administrator has demanded payment of all contributions owed along with the required reports, and on information and belief, Eagle Cornice has acknowledged that the contributions are due and owing.

18. The Funds' legal counsel demanded payment of all contributions due and owing for the period of April through September 2020, plus interest and attorneys' fees, by letter dated October 14, 2020.

19. While Eagle Cornice paid contributions owed the Funds for April, May and June 2020 on or about October 20, 2020, the contributions were paid late, and the company now owes interest on those late-paid contributions as well as legal fees and other costs related to their collection.

20. Despite the October payment, Eagle Cornice still currently owes an as-yet unliquidated amount of contributions for the period July through September 2020 plus interest on those unpaid and now delinquent contributions, legal fees and other collections costs.

21. Eagle Cornice has violated its obligations under the Agreement and ERISA by failing to pay all contributions due and owing to the Funds for all hours of work, plus interest, legal fees and other costs incurred in collecting the delinquent contributions, as required under the Agreement.

## COUNT I – VIOLATION OF ERISA - UNPAID CONTRIBUTIONS

22. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 21, supra.

23. Eagle Cornice owes the Funds contributions for hours worked by covered employees for the period July, August, and September 2020, plus interest, legal fees and other collection costs.

24. Eagle Cornice's failure to make contributions to the Insurance Fund on behalf of all covered employees and as required by the terms of the Agreement violates Section 515 of ERISA, 29 U.S.C. §1145.

25. Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to unpaid contributions, interest thereon, liquidated damages, attorneys' fees and costs, audit fees and costs, and other appropriate legal and equitable relief.  29 USC §1132(g)(2).

26. Absent an order from this Court, Defendant Eagle Cornice will continue to refuse to pay the monies it owes to the Fund, and the Fund and their participants will be irreparably damaged.

27. A copy of this Complaint is being served upon the Secretary of Labor, the Secretary of the Treasury and the U.S. Attorney General by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II – VIOLATION OF LMRA - UNPAID CONTRIBUTIONS

28. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-27, supra.

29. Eagle Cornice is obligated to make contributions to the Funds under its collective bargaining agreement with the Union, which is an agreement under Section 301 of the Labor Relations Management Act, 29 USC §185.

30. Eagle Cornice's failure to make all contributions to the Funds as required by the collective bargaining agreement violates the collective bargaining agreement and Section 301 of the LMRA, 29 USC §185.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff Funds request this Court to grant the following relief on Counts I and II:

a. Order the attachment by trustee process of the bank accounts of Eagle Cornice;

b. Order the attachment of the machinery, inventory, and accounts receivable of Eagle Cornice;

c. Order Eagle Cornice to provide the Funds or their duly authorized representative all of its payroll and contract-related records, including, but not limited to, file copies of contribution or remittance reports, payroll tax returns and forms, corporate tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete listing of all job locations from the end of the last audited date until the date of the Court's order, for the purpose of ascertaining the amounts, if any, of additional unpaid contributions owed;

  d.  Enter judgment in favor of the Funds in the amount of the unpaid contributions, plus interest and attorneys' fees and any additional amounts determined by the Court to be owed by Eagle Cornice or which may become due during the pendency of this action, together with liquidated damages, interest, and reasonable attorneys' fees, and all costs, all pursuant to 29 U.S.C. §1132(g)(2); and

  e.  Such further and other relief as this Court deems appropriate.

               Respectfully submitted,

               TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 17 INSURANCE FUND and TRUSTEES OF THE LABOR MANAGEMENT COOPERATION TRUST FUND,

               by their attorneys,

               /s/ Elizabeth A. Sloane
               Elizabeth A. Sloane, Esq.
               BBO #567866
               SEGAL ROITMAN, LLP
               33 Harrison Avenue, 7th Floor
               Boston, MA 02111
               (617) 603-1433
               (617) 909-6161 (mobile)
               (617) 742-2187 (fax)
               esloane@segalroitman.com

Dated:  October 30, 2020

EAS/eas&ts
8603-20312/complt.doc